UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY DURANT,

         Plaintiff,

-vs-                 Case No. 8:09-cv-159-T-33TBM

ATT0RNEY BRUNO F. DEZAYAS,

         Defendant.
_____/

## **ORDER**

  The Court has for its consideration pro se prisoner Plaintiff Wesley Durant's civil rights complaint filed against Defendant Dezayas pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Durant's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Durant is attempting to sue the defense counsel who represented him in state court during his criminal proceedings. Defense counsel was not acting under color of state law when he represented Durant.

### Discussion

  In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989); Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff Durant does not meet the first element above. Trials in this country are adversarial proceedings. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981).

Likewise, attorneys for private litigants do not act on behalf of the government, or even the public as a whole; attorneys represent their clients. An attorney's job is to "advanc[e] the 'undivided interests of his client.' This is essentially a private function ... for which state office and authority are not needed." (citations omitted). When performing adversarial functions during trial, an attorney for a private litigant acts independently of the government. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 642 (1991).

Accordingly, for the reasons stated above, the Court orders:

That Plaintiff Durant's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff Durant and to close this case.

ORDERED at Tampa, Florida, on February 3, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Wesley Durant